IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1997 SESSION



FILED

February 18, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| MAURICE DONALDSON | ) | |
| | ) | NO. 01C01-9611-CR-00463 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| v. | ) | |
| | ) | Hon. Thomas H. Shriver |
| STATE OF TENNESSEE | ) | |
| | ) | (Post-Conviction) |
| Appellee | ) | |
| | ) | |

For the Appellant

Henry R. Allison, III
500 Church Street
Fifth Floor
Nashville, TN. 37219

For the Appellee

John Knox Walkup
Attorney General & Reporter

Daryl J. Brand
Assistant Attorney General
2nd Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, TN. 37243-0493

Victor S. Johnson, III
District Attorney General

Thomas B. Thurman
Deputy District Attorney General
Washington Square, Ste 500
222 Second Avenue North
Nashville, TN. 37201-1649

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Maurice Donaldson, appeals the Davidson County Criminal Court's denial of his motion to reopen his post-conviction petition. He treats this appeal as one of right and he asks this Court to remand his case to the trial court for an evidentiary hearing. We find that the trial court did not abuse its discretion in denying appellant's motion to reopen and we dismiss the appeal pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

The appellant is currently serving three concurrent life sentences as a habitual criminal following convictions in 1988 of armed robbery and two counts of assault with intent to commit first degree murder. His convictions and sentences were affirmed by this Court on direct appeal. See State v. James Larry Polk and Maurice Donaldson, No. 88-262-111 (Tenn. Crim. App. at Nashville, Nov. 22, 1989), *per. app. denied* (Tenn. 1990).

In 1990, the appellant filed a petition for post-conviction relief alleging ineffective assistance of counsel. The trial court dismissed his petition and we upheld that decision on appeal. See Maurice Donaldson v. State, No. 01C01-9304-CR-00129 (Tenn. Crim. App. at Nashville, Mar. 10, 1995), *per. app. denied* (Tenn. 1995). The appellant filed a motion to reopen his post-conviction petition on January 8, 1996, challenging the reasonable doubt jury instruction and the ineffective assistance of his trial counsel.[1] The trial court denied the motion upon finding that the appellant's claim was without merit and barred by the statute of limitations.

The appellant contends that the trial court erred by dismissing the motion and failing to grant an evidentiary hearing.

This issue is without merit.

---

[1]The State petitioned the trial court to treat appellant's motion as a second petition for post-conviction relief. We note that any post-conviction petition filed by the appellant on January 6, 1996, would have been time-barred by the three year statute of limitations. See Tenn. Code Ann. § 40-30-102 (Repl. 1995). The limitations period began March 5, 1990, when the supreme court denied permission to appeal from this Court's decision in Donaldson, No. 88-262-111 (Tenn. Crim. App. at Nashville, Nov. 22, 1989).

Initially, we will address the State's contention that the appellant did not follow the proper procedure for appealing the trial court's order. The appellant filed his motion to reopen the post-conviction petition under the Post Conviction Procedure Act of 1995.[2] Tennessee Code Annotated section 40-30-217 (Supp. 1995) governs that motion and sets forth the appellate procedure as follows:

> (c) If the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. The state shall have ten (10) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court abused its discretion, the court of criminal appeals shall remand the matter to the trial court for further proceedings.

Under that provision, the appellant was required to file an application in this Court seeking permission to appeal.[3] The appellant instead filed a notice of appeal and has treated this proceeding as an appeal of right. Although we find that appellant failed to comply with the procedure set forth in section 40-30-217(c), we will nevertheless review the case to determine whether the trial court abused its discretion in denying appellant's motion.

Under Tennessee Code Annotated section 40-30-217(a), a petitioner may file a motion to reopen his first post-conviction petition only if the following applies:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) hear of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was no recognized as existing at the time of trial; or
>
> (2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or

---

[2]See Tenn. Pub. Act 207, § 3 (1995) (providing that the Act shall govern "any motions which may be filed after this date to reopen petitions for post-conviction relief which were concluded prior to the effective date of this act).

[3]This Court has previously held that the application for permission to appeal under section 40-30-217(c) closely parallels the process under Rule 10 of the Tennessee Rules of Appellate Procedure. See George McGhee v. State, No. 02-C-01-9607-CR-00213 (Tenn. Crim. App. at Jackson, Sept. 30, 1996), *per. app. denied* (Tenn. 1997).

offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

We find that the appellant's motion to reopen his post-conviction petition did not state a cognizable claim under Tennessee Code Annotated section 40-30-217(a). The substance of his motion is to challenge the "reasonable doubt" jury instruction and the alleged ineffective assistance of his trial counsel.

This Court has previously determined that a challenge to the reasonable doubt jury instruction is not a basis for reopening a prior post-conviction petition. See Thomas Hebron v. State, No. 01C01-9512-CC-00416 (Tenn. Crim. App. at Nashville, Oct. 17, 1996), *per. app. denied* (Tenn. 1997). Moreover, the appellant's contention that his trial counsel was ineffective is simply not recognized under section 40-30-217.

We conclude that the trial court did not abuse its discretion in denying the appellant's motion to reopen his post-conviction petition. The appellant's appeal is denied and dismissed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
JOE G. RILEY, JUDGE

4